IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MANJIT SANGHA;** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Case No.: |
| | * |
| **NAVIG8 SHIP MANAGEMENT PTE LTD.,** | * |
| **and NAVIG8 GROUP,** | * |
| | * |
| Defendants. | * |

## COMPLAINT

Plaintiff Manjit Sangha ("Capt. Sangha") files his complaint against Defendant Navig8 Ship Management PTE LTD and Navig8 Group and in support thereof shows as follows:

## BACKGROUND

1. Plaintiff Manjit Sangha ("Captain Sangha") brings this action seeking to redress the injuries he suffered as a result of Defendants' tortious actions in interfering with his employment with Marine Consultancy LLC, an Alabama company whose principal office is located in Daphne, Alabama.

## VENUE & JURISDICTION

2. Venue is proper in the United States District Court for the Southern District of Alabama as all or substantial part if the events or omissions giving rise to this legal action occurred there in. This court has jurisdiction over this action as the claims arise under the General Maritime Law of the United States and as the tortious actions complained of occurred within this District.

## PARTIES

3. Captain Sangha is a citizen of the Republic of India who, at times relevant hereto, resided in Florida as a permanent resident of the United States.

4. Upon information and belief, Navig8 Ship Management PTE LTD is a foreign business entity organized under the laws of the Republic of Singapore. Defendant Navig8 Ship Management PTE LTD regularly does business in a systematic and continuous manner in the United States.

5. Upon information and belief, Navi8 Group is a foreign business entity organized under the laws of the United Kingdom of Great Britain and Northern Ireland. Defendant Navig8 Group regularly does business in a systematic and continuos manner in the United States.

## FACTS

6. For thirty four (34) years, Captain Sangha worked hard to build a stellar reputation in the maritime industry as a quality captain and mariner with excellent technical proficiency and outstanding professionalism. During his career, Captain Sangha has worked throughout the world and has created longstanding professional relationships as a mariner and captain. From June of 2009 until October of 2015, Captain Sangha worked for Navig8 Ship Management as a master on the M/V MISS CLAUDIA. This employment relationship was formed and executed in the state of Texas and Captain Sangha's initiating port was in Harris County Texas.

7. One day in October of 2015, Captain McCoy, who was also serving as a Captain aboard on the M/V MISS CLAUDIA, was operating the M/V MISS CLAUDIA and Captain McCoy gave deficient orders that resulted in a casualty involving another ship. During this incident, Captain Sangha took corrective action to limit the damage to the structure of the vessel. This casualty was not Captain Sangha's fault.  As a result of this incident, the M/V MISS

CLAUDIA dry docked for repairs in Mobile, Alabama, for approximately four months. After this incident, Navig8 failed to renew its contract with Captain Sangha.

8. On March 21, 2016, Capt. Sangha entered into an employment contract with Marine Consultancy LLC to work as a Mooring Master on vessels operating in the Gulf of Mexico. In that role, Captain Sangha conducted independent mooring operations and supervised ship-to-ship transfer operations and reported to Captain JohannesSchild. Captain Schild maintained Marine Consultancy's office in Daphne, Alabama.

9. During his first assignment with Marine Consultancy, Capt. Sangha assigned to the M/V SONGA PEARL which was assigned to load fuel from M/V MISS CLAUDIA to other ships via ship-to-ship transfers in the Gulf of Mexico. Soon after beginning his employment with Marine Consultancy, At that time, Navig8 owned the M/V MISS CLAUDIA but contracted the operation of the vessel to Glencore. After learning that Captain Sangha was assigned to the MISS CLAUDIA, employees of Glencore and/or Navig8 informed Capt. Johannes Schild in Daphne, Alabama that Navig8 required that Marine Consultancy terminate Captain Sangha from employment. Due to these instructions by Navig8, on April 12, 2015, Capt. Sangha was removed from the vessel that was docked in Houston, Texas. Upon information and belief, in order to effectuate Captain Sangha's termination, Navig8 made false and misleading statements regarding Captain Sangha.

10. Additionally, Navig8 sent emails to Capt. Johannes Schild that were damaging to Capt. Sangha's professional reputation and character, including making false and misleading statements. The emails were so disparaging that Captain Johannes Schild believed that Captain Sangha's professional reputation was damaged. These communication were false and/or misleading and intended to damage Captain Sangha and his professional reputation that he

worked so hard to build.

11.     Defendants acted in malicious fashion in order to discredit Capt. Sangha and destroy his ability to work as a captain and mooring master in the Gulf of Mexico. The damage to Capt. Sangha's professional relationships was a foreseeable consequence of Defendants' actions which were undertaken with the intent to injure his reputation and professional standing.

## CAUSES OF ACTION

### Count One
### Tortious Interference with Existing Contract

12.     Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-11 of this complaint as if fully set forth herein.

13.     Beginning on March 21, 2016, Capt. Sangha had an employment contract with Marine Consultancy LLC as a Mooring Master.

14.     After entering into that contract, Defendants did willfully and intentionally, without privilege, interfere with the contract by engaging in the conduct described above, all to the detriment of Capt. Sangha.

15.     Defendants' intentional and willful interference with this contract resulted in extreme business disruption for Capt. Sangha, loss of income, moving expenses, mental anguish, emotional distress, and other financial losses including the loss of business goodwill.

### Count Two
### Defamation

16.     Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-15 of this complaint as if fully set forth herein.

17.     Defendants' made false statements and told half-truths in a misleading manner and these statements, when viewed in the proper context, were wholly false, libelous, and

slanderous. Defendants knowingly, recklessly, and maliciously spread falsehoods about Captain Sangha, and Defendants had no right, privilege, or justification to make the statements.

18.     The statements as described above were not true and defamed and slandered Captain Sangha, both personally and professionally. Furthermore, the statements and misrepresentations by Defendants were so egregious and obviously malicious as to constitute libel and slander *per se.*

### Count Three
### Tortious Interference with Current and Prospective Relations and Economic Advantage

19.     Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-18 of this complaint as if fully set forth herein.

20.     Capt. Sangha had longstanding and continuous relationships within companies in the marine industry, including Marine Consultancy LLC and because of these relationships, there was a reasonable probability that Capt. Sangha would have continued to work Marine Consultancy LLC or other companies as a mariner. In addition, there is a reasonable probability that Capt. Sangha would have entered into various other business relationships with third persons or entities, but for Defendants' improper acts and omissions, as set forth above.

### Count Four
### Intentional Infliction of Emotional Distress

21.     Captain Sangha re-alleges and incorporates each allegation contained in Paragraphs 1-20 of this complaint as if fully set forth herein.

22.     Defendants' intentional actions as described above were extremely outrageous and as a direct proximate result of those actions, Captain Sangha has suffered extreme and severe emotional distress.

## PRAYER

Wherefore, Captain Sangha respectfully requests that a judgment be entered against Defendants' for compensatory and punitive damages in an amount to be determined at trial, as well as pre-judgment interest, costs and such other relief to which Captain Sangha may be justly entitled.

DIAMOND FUQUAY LLC
Attorneys for Plaintiff
3280 Dauphin St., Suite B129
Mobile, Alabama 36606
Telephone:  (251) 473-4443
Facsimile:  (251) 473-4486

 */s/ Ross Diamond III*
Ross Diamond III   (DIA004)
ross@diamondfuquay.com

 */s/ Richard W. Fuquay*
Richard W. Fuquay   (FUQUR6214)
rwf@diamondfuquay.com

**Defendants' addresses:**

General Manager
Navig8 Group
5718 Westheimer Road
Suite 1810 (18th floor)
Houston, TX 77057

General Manager
Navig8 Ship Management PTE LTD
3 Temasek Avenue
#25-01 Centennial Tower
Singapore,  039 190
Singapore